UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NEILL ALEJANDRO HERNANDEZ BETANCOURT,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY, et al.

Respondents.

No. 1:26-cv-04501-DAD-JDP

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. Nos. 1, 7, 8)

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 7, 2026, the magistrate judge issued findings and recommendations recommending that petitioner's habeas petition (Doc. No. 1) be granted. (Doc. No. 8.) Specifically, the magistrate judge concluded that petitioner has been subject to post-removal detention for longer than six-months and there is no significant likelihood that petitioner will be removed in the reasonably foreseeable future. (*Id.* at 4–7.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days of service. (*Id.* at 7.)

/////

On August 14, 2026, respondents filed objections to the findings and recommendations in which they state that they object because petitioner failed to name the proper respondent in his petition and because petitioner is required to cooperate in his removal and that nothing limits his removal to the country listed in his removal order. (Doc. No. 10 at 2.)

Regarding respondents' first objection that petitioner failed to name the proper respondent, the magistrate judge directed the Clerk of the Court to add the Warden of the California City Detention Facility, Christopher Chestnut, as a respondent to this matter in the interest of justice (Doc. No. 8 at 6) and respondents have not requested reconsideration of that order (Doc. No. 10 at 2). Moreover, respondents have not attempted to distinguish this case from those cases cited by the magistrate judge in adding respondent Chestnut to this action, nor have respondents cited any authority in support of their position that petitioner failed to name the proper respondent. (*Id.*) Accordingly, the court rejects respondents' objection in this regard.

In their second objection, respondents argue that 8 U.S.C. §§ 1231(b)(1)(C), (b)(2)(E) provide for petitioner's removal to a third-country. (*Id.*) While respondents do not specifically state that this justifies petitioner's detention, the undersigned has explained in *Obando Vargas v. Blanche* that § 1231 does not authorize a petitioner's detention simply because he declines to cooperate with his removal to a third-country that is not listed in his removal order. No. 1:26-cv-5343-DAD-AC, 2026 WL 2056618, at *2 (E.D. Cal. July 16, 2026) ("Respondents' argument appears to be that, because petitioner is not agreeing to voluntarily depart to a country he is not from and is under no legal obligation to go to, he may be detained indefinitely. This argument is frivolous and the court admonishes respondents' counsel to avoid wasting the court's time and resources with such arguments in the future."). Thus, respondents' objection on this point also do not provide a valid basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

/////

/////

For the reasons above,

1. The findings and recommendations filed on August 7, 2026 (Doc. No. 7), are ADOPTED;

2. Respondent's motion to dismiss (Doc. No. 7) is DENIED;

3. The petition for writ of habeas corpus (Doc. No. 1), is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Neill Alejandro Hernandez Betancourt, A-File No. 074-135-953, from respondents' custody on the same conditions, if any, he was subject to prior to his re-detention on or about February 9, 2026;

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without complying with the procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures;

4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **August 19, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE